UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BRYANT KELLY PRIDE, )
 )
 Petitioner, )
 )
v. ) Case No.: 2:19cv222
 )
J. RAY ORMOND, )
 )
 Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Bryant Kelly Pride's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("the Petition"), ECF No. 1, and the Respondent J. Ray Ormond ("Respondent") Response and Memorandum in Support of Respondent's Motion to Dismiss or for Summary Judgment ("Motion for Summary Judgment") and supporting memorandum, ECF No 6. The matter was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned **RECOMMENDS** that Respondent's Motion for Summary Judgment, ECF No. 6, be **GRANTED**, and the Petition, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In case number 1:07-cr-20, the United States District Court for the Western District of Virginia ("the Trial Court") convicted Petitioner of possession with intent to distribute or distribution of cocaine base in excess of fifty grams in violation of 21 U.S.C. § 841(a)(1). ECF No. 1 at 1. ("First Conviction"). The court sentenced Petitioner to a term of mandatory life in prison. *Id.* at 10. Petitioner's conviction and sentence were upheld by the Fourth Circuit. ECF No. 6, attach. 1 at 2. Petitioner filed a petition pursuant to 28 U.S.C. § 2255 in the Western District of Virginia that asserted, *inter alia*, that the Trial Court relied on prior convictions that did not qualify as felony drug offenses during his sentencing. *Id.* The Fourth Circuit dismissed Petitioner's § 2255 petition on July 21, 2011. *Id.*; *United States v. Pride*, 440 F. App'x 184, 185 (4th Cir. 2011). Shortly thereafter, on August 17, 2011, the Fourth Circuit issued its opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), which held that the defendant's prior state conviction for possession of marijuana, for which he could not receive a sentence exceeding twelve months, could not be classified as a felony conviction for purposes of sentencing enhancement. On November 10, 2011, Petitioner filed another § 2255 petition in the Trial Court and relied on the Fourth Circuit's decision in *Simmons* to argue that his prior drug convictions could not qualify as predicate offenses for the sentence enhancement under 21 U.S.C. § 841(b)(1)(A) because his prior drug offenses were not punishable by more than one year imprisonment. *Pride*, 1:07cr20, ECF No. 145 (W.D. Va. Feb. 22, 2012). The Trial Court dismissed the Petition without prejudice because Petitioner did not obtain certification from the Fourth Circuit to file a successive § 2255 petition. *Id.*

In case number 1:08-cr-24, the Trial Court convicted Petitioner on similar charges after he

2

pleaded guilty on March 3, 2008, and sentenced him to a term of 360 months imprisonment. ECF No. 6, attach. 1 at 2 ("Second Conviction"). Petitioner escaped a mandatory life sentence for this conviction because he waived his right to bring a § 2255 petition challenging his conviction, stipulated that he would be subject to a Sentencing Guideline enhancement for being an organizer or leader, and stipulated that he qualified as a Career Offender based on prior felony drug convictions, in exchange for the Government's dismissal of four of Petitioner's five prior felony drug convictions contained in the § 851 Information *Id.*

Pursuant to this Second Conviction, Petitioner filed another § 2255 petition in the Trial Court alleging, *inter alia*, that his sentence was unlawfully enhanced in reliance on prior convictions that did not qualify as offenses punishable by more than one year incarceration, and ineffective assistance of counsel. The Trial Court dismissed his petition on February 11, 2011, because Petitioner waived his rights to bring a § 2255 petition in his plea agreement. *United States v. Pride*, No. 1:08cr24, 2011 WL 610969 (W.D. Va 2011). The Fourth Circuit dismissed his appeal on May 24, 2011.

As he did with his First Conviction, Petitioner sought to reopen his § 2255 action pursuant to his Second Conviction based on the holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *United States v. Pride*, No. 1:08cr24-02, 2012 WL 569894 at *2 (W.D. Va. Feb. 11, 2012). Petitioner again argued that his prior convictions could not qualify as predicate offenses for a sentence enhancement because the prior offenses were not punishable by more than one year imprisonment. *Id.* The Trial Court found that Petitioner was not entitled to reopen his prior § 2255 action because Petitioner did not have certification from the Fourth Circuit to file a second or successive § 2255 motion, and denied the petition. *Id.* The Trial Court noted that even if it

were to consider the *Simmons* claim, Petitioner would not be entitled to relief because "the government did not seek, and the court did not impose, any enhancement of [his] sentence in this case based on his prior convictions." *Id.*

On April 26, 2019, Petitioner filed the instant § 2241 Petition in this Court. ECF No. 1. Ground One of the Petition asserts that Petitioner may challenge his sentence in both convictions pursuant to § 2241 because he satisfies the test set forth in *United States v. Wheeler*, 886 F.3d 414, 419 (4th Cir. 2018). ECF No. 1 at 17-21. Ground Two of the Petition asserts that the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) entitles Petitioner to a sentence reduction. *Id.* Ground Three of the Petition asserts that Petitioner is entitled to relief pursuant to "Amendments 750 and 782" which, as noted by Respondent, seeks relief under the First Step Act. *Id.*; ECF No. 6, attach. 1 at 5.

## II. DISCUSSION

Section 2241 authorizes the federal court to issue a writ of habeas corpus to state and federal prisoners who are "in custody in violation of the Constitution of laws or treaties of the United States." More specifically, a § 2241 habeas petition "challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 U.S. Dist. LEXIS 151351, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("Attacks on the execution of a sentence are properly raised in a § 2241 petition."). A prisoner must file a § 2241 habeas petition in the federal district where he is in custody. *Rumsfeld*

*v. Padilla*, 542 U.S. 426, 434 (2006); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). A motion under § 2255 provides the primary means for a prisoner to collaterally attack his federal conviction and sentence. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). A petitioner typically cannot file a second or successive habeas petition challenging the same conviction or sentence. *See* 28 U.S.C. § 2255(h); *see generally Sanders v. United States*, 373 U.S. 1 (1963) (discussing and second or successive petitions). However, a petitioner can file a second or successive § 2255 petition if he receives proper certification from the Circuit Court of Appeals in the District that sentenced him:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Proceeding under § 2241 to challenge a federal conviction and sentence is limited, and a federal inmate must first demonstrate that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333 ("Habeas petitions are usually filed under § 2255 in the court that imposed the prisoner's sentence. When § 2255 'appears . . . inadequate or ineffective to test the legality of his detention,'…a federal prisoner may seek habeas relief from the court in the district of his confinement under § 2241.")). A petitioner may only proceed under § 2241 where "he had no opportunity to utilize a § 2255 motion to take advantage

5

of a change in the applicable law." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). If a petitioner "had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change," then he may not proceed under § 2241 and the court has no jurisdiction to consider the claim. *Id.* Section 2255 is not inadequate or ineffective, however, merely because the petitioner is unable to obtain relief or is procedurally barred under § 2255. *In re Vial*, 115 F.3d 1192, 1194 n.4 (4th Cir. 1997). In *United States v. Wheeler*, 886 F.3d 415, 418 (4th Cir. 2018), the court set out a four-part test to determine if a petitioner may challenge the legality of sentencing errors under § 2241:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the petitioner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or consecutive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.*

### 1. Under § 2241, this Court Lacks Jurisdiction to Consider the Petition.

Respondent contends that Petitioner's claim here is merely a second or successive § 2255 petition and fails to satisfy the *Wheeler* test. ECF No. 8 at 5. This Court agrees.

Petitioner filed a § 2255 petition with respect to his First Conviction in November 2011. The petition was filed following the decision in *United States v. Simmons*, and Petitioner advanced his argument that under *Simmons*, he could not receive a sentence enhancement for his prior drug convictions. The court dismissed that petition without prejudice, and the Petitioner did not seek leave from the Fourth Circuit to file a second or successive § 2255 petition. Petitioner advances the same *Simmons* claim in the instant petition.

Petitioner has also already presented his *Simmons* claim in a § 2255 petition with respect to his Second Conviction. There, the Trial Court held that Petitioner's *Simmons* claim had no merit because Petitioner's sentence was not enhanced based on his prior convictions. *Pride*, 2012 WL 569894, at *2. As demonstrated by the record, Petitioner not only had an unobstructed procedural shot at filing a § 2255 motion, he in fact did file such petitions challenging his sentence under *Simmons*. Although *Simmons* had not yet been made retroactive[1], courts have held that a claim for relief under *Simmons* existed before *Simmons* was even decided by way of the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), upon which *Simmons* relied. *See Watson v. United States*, No. 5:10-CR-00294-BR, 2013 WL 12123189, at *2 (E.D.N.C. Feb. 11, 2013). As such, because Petitioner had an opportunity to utilize a § 2255 petition to raise the arguments he now raises in his § 2241 Petition, "a § 2241 motion is unavailable to him." *See Rice*, 617 F.3d at 807.

Moreover, under prong four of the *Wheeler* test, the sentencing error must have been "sufficiently grave" to be considered a "fundamental defect." However, "[c]ourts have not used the term 'fundamental' lightly" and in the Fourth Circuit, a career offender designation is not a "fundamental defect." *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015); *Wheeler*, 886 F.3d at 432 n.9 (4th Cir. 2018) (noting that career offender designations nullified by *Simmons* is not an error resulting in a complete miscarriage of justice to constitute a fundamental defect).

Because the Petition is successive, and Petitioner has failed to satisfy the *Wheeler* test, he may not raise the instant challenge by way of § 2241 and this Court lacks jurisdiction to consider the Petition.

---

[1] *Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013) (holding *Simmons* applies retroactively).

*2. This Court Cannot Provide Relief Pursuant to the First Step Act.*

Petitioner also alleges he is entitled to relief pursuant to the First Step Act. Petitioner has already received a reduction of his sentence under the First Step Act by the Trial Court. *See United States v. Pride*, No. 1:07CR00020-001, 2019 WL 2435685, at *6 (W.D. Va. June 11, 2019). For case number 1:07-cr-20, Petitioner's sentenced was reduced to 240 months imprisonment, and in case number 1:08-cr-24, Petitioner's sentence was reduced to 240 months imprisonment. This Court does not have jurisdiction to resentence Petitioner pursuant to the First Step Act, and Petitioner has already received his requested relief. *See id.*; *see also* 28 U.S.C. § 2255(a).

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 6, be **GRANTED** and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. OUTSTANDING MOTION

On August 5, 2019, Petitioner filed a Motion for Appointment of Counsel, ECF Nos. 4-5.[2] There is no constitutional right to court-appointed counsel in a non-capital federal *habeas* proceeding. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citation omitted); *Pennsylvania . Finley*, 481 U.S. 551, 555 (1987) (citation omitted). Although the court may exercise its discretion and appoint counsel to represent an indigent party in civil litigation pursuant to 28 U.S.C. §1915(e)(1), *see Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (citations omitted), the Petitioner here has not alleged any "exceptional circumstances" warranting the appointment of counsel. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citation omitted); *Griffin v.*

---

[2] Petitioner filed the same document twice.

*Virginia*, 606 F. Supp. 941, 943 (E.D. Va. 1985) (citation omitted). Accordingly, the Court **DENIES** Petitioner's Motion for the Appointment of Counsel, ECF Nos. 4-5.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen days from the date of mailing of this Report and Recommendation to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of these Rules. A party may respond to another party's specific objections within fourteen days after being served with a copy thereof. *See* FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the preceding findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019, 106 S. Ct. 567 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208, 104 S. Ct. 2395 (1984).

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
December 30, 2019